[No. 5403.    Decided January 30, 1905.]

THE STATE OF WASHINGTON, on the Relation of Gordon Mackay, Appellant, v. A. A. PHILLIPS, as Treasurer of Thurston County, Respondent.[1]

COUNTIES—SALE OF COUNTY PROPERTY—NOTICE FIXING MINIMUM PRICE—POWER OF COMMISSIONERS. Under Laws 1903, p. 73, providing that the county commissioners may order property sold when they deem it for the best interests of the county, they have power to order a sale fixing a minimum price below which bids will not be received; and were it otherwise the restriction could not be treated as surplusage, and a sale for a less sum upheld, since the board did not exercise its discretion to order an unqualified sale.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered May 24, 1904, upon granting a motion for a nonsuit, denying an application for a writ of mandate to compel the county treasurer to issue a deed of county property.   Affirmed.

*Israel & Mackay,* for appellant.

*Frank C. Owings,* for respondent.

RUDKIN, J.—Some time prior to the 13th day of April, 1903, the county of Thurston acquired title to lots 5 and 6, block 24, Sylvester's Plat in the city of Olympia, through the foreclosure of delinquency certificates and a tax sale.   On the above date the board of county commis-

[1]Reported in 79 Pac. 313.

sioners of said county made an order directing the county
treasurer to sell the property above described at public auc-
tion, to the highest and best bidder for cash, at not less than
the appraised value thereof, which was stated in the order
of sale to be $1,200 on lot 5, and $1,275 on lot 6. On the
28th day of April, 1903, the county treasurer gave notice,
as required by law, that he would sell the above described
property at a time and place therein stated, to the highest
and best bidder for cash, and that no bid would be received
for less than the appraised value, which was set forth in the
notice of sale. At a time to which the sale was regularly
adjourned, the relator, Mackay, bid the sum of $250 in
cash for each lot above described, he being the highest and
best bidder. The treasurer refused to receive the bid, or
to execute a tax deed for the property, for the reason that
the sum bid was less than the appraised value. The relator
then applied to the superior court of the county for a writ
of mandate, requiring the treasurer to receive the bid of
$500 on the two lots, and to execute a deed to the relator
therefor. The writ was denied, and from the order deny-
ing the writ this appeal is taken.

The appellant contends that the board of county com-
missioners had no power to fix a minimum price below
which the property should not be sold; that that part of
the order of sale should be rejected as surplusage; and
that it was the duty of the county treasurer, under the
law, to sell the property to the highest and best bidder for
cash, irrespective of the amount bid. We do not think that
this contention can be sustained for two reasons.

Under the law of this state, Bal. Code, § 342, the board
of county commissioners are intrusted with the care and
management of the property and funds of the county. The
act under which the order of sale in this case was made,

Laws 1903, p. 73, provides that a sale may be ordered "when in the judgment of the board of county commissioners they deem it for the best interest of the county to sell the same;" and that the treasurer shall give notice, stating the time and place and *terms* of sale. Under these statutes, we think that the board of county commissioners, in the interest of the public, have the power to fix a minimum price below which county property shall not be sold. Under any other view, the board, charged with the duty of managing, controlling, and selling county property, and conserving the public interest, would be compelled to stand idly by and see the property of the county sold at a sacrifice. We do not think that such was the intent of the law.

But were the law otherwise, it would not avail the appellant. If the board can only order the sale to the highest and best bidder, irrespective of the sum bid, they have never exercised the discretion vested in them, and the court cannot eliminate from the order, as made, important conditions and provisions, and construe it as an order which the board never intended to make. The board only made one order of sale, and, if that is not valid as made, it is not valid at all, and the courts cannot make an order for them.

For these reasons, the writ was properly denied.

MOUNT, C. J., and FULLERTON, HADLEY, and DUNBAR, JJ., concur.