[No. 5701. Decided November 17, 1905.]

E. A. PHILLIPS, *Respondent,* v. R. O. WELTS, *as Treasurer of Skagit County, Appellant.*[1]

COUNTIES—SALE OF PROPERTY—TERMS—MINUTES OF COUNTY BOARD. As the minutes of the proceedings of the board of county commissioners do not constitute the exclusive evidence of their official action, evidence of the members is competent to show that a sale of county property mentioned in the minutes was to be made subject to the approval of the board.

SAME—COUNTY COMMISSIONERS—POWERS—ORDERING SALE SUBJECT TO APPROVAL. The board of county commissioners, as the business managers of the county, have the power, in ordering sales of county property, to require that the sales shall be subject to their approval, under Laws 1903, p. 73, providing that they may fix the terms of sale.

[1]Reported in 82 Pac. 737.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered December 14, 1904, in favor of the plaintiff, after a trial on the merits before the court without a jury, directing the county treasurer to execute and deliver a deed to property sold by the county for taxes. Reversed.

*Million & Houser,* for appellant.
*Quinby & Wells,* for respondent.

Root, J.—This is a mandamus proceeding instituted in the superior court by respondent to compel the appellant, as treasurer of Skagit county, to execute and deliver to him a deed to a certain lot in the city of Anacortes, to which he claims the right to a conveyance by reason of an alleged sale, made by such officer, of said lot at an auction of property theretofore acquired by the county, pursuant to tax foreclosure proceedings. The sale in question was made pursuant to the act of March 9, 1903. Laws 1903, p. 73. In the published notice of the sale, the following language appeared: "Notice is hereby further given that all sales are subject to the approval of the board of county commissioners." At the time and place of the sale, respondent was the highest and best bidder, and said lot was "knocked down" to him, and he was then and there given a memorandum by the appellant, county treasurer, which contained, among other things, the following: "Upon approval of sale by board of county commissioners, certificate of purchase will be issued."

Subsequent to the time of this sale, the board of county commissioners of said county refused to confirm the sale of said lot. Thereupon, this action was commenced. Respondent's contention in the lower court was, and here is, first, that the board of county commissioners did not order this property to be sold subject to its confirmation; and second, that said board had no authority in law to put such a restriction

or condition upon the sale of said property. It appears that the learned trial court sustained the latter contention. A decree was entered by that court directing appellant to execute and deliver to respondent a deed of said premises. From this decree an appeal is taken to this court.

The parties entered into a stipulation as to all of the material facts, excepting as to the question as to whether or not the commissioners ordered the sale of said property to be made subject to their confirmation. Upon this question, evidence was adduced. The appellant, in speaking of the directions given him by the board of commissioners, among other things, testified: "They directed me to make these sales subject to confirmation by the board; that they would take the place of cruiser's estimates in our judgment." He was then asked this question, "Was this notice which you gave in pursuance of that direction from the board? A. Yes, sir." No effort was made to dispute this testimony, except by showing that the minutes of the board, as first written up by the clerk, did not say anything about the treasurer being required to sell the property subject to the confirmation of the board. A clause to this effect was, however, subsequently inserted in the minutes at the request of one or more of the board.

It was urged by respondent that these minutes could not be changed by any or all of the members acting individually, but that it could only be done by the commissioners acting in their capacity as a board. As to the making of this amendment to the minutes, we do not conceive it to be a material matter. The minutes of a board of commissioners do not constitute the exclusive evidence of its doings, nor of the instructions given to other officials whose actions the law authorizes it in certain cases to direct or control. Appellant having testified that the board directed him to advertise and sell this property subject to its confirmation, his testimony, if untrue, could readily have been shown so to be by producing the evidence of the members of the board.

We think that the record clearly shows that the treasurer was authorized and ·directed by the board to sell this property subject to its confirmation.

We also think that the board had the power to impose the condition and restriction in question. In the case of *State ex rel. Mackay v. Phillips,* 36 Wash. 651, 79 Pac. 313, this court held that the board of commissioners had a right, in selling property under this statute, to fix a minimum price below which the property should not be sold. In that case this court, speaking by Rudkin, J., said:

"Under the law of this state, Bal. Code, § 342, the board of county commissioners are intrusted with the care and management of the property and funds of the county. The act under which the order of sale in this case was made, Laws 1903, p. 73, provides that a sale may be ordered 'when in the judgment of the board of county commissioners they deem it for the best interest of the county to sell the same;' and that the treasurer shall give notice, stating the time and place and *terms* of sale. Under these statutes, we think that the board of county commissioners, in the interest of the public, have the power to fix a minimum price below which county property shall not be sold. Under any other view, the board, charged with the duty of managing, controlling, and selling county property, and conserving the public interest, would be compelled to stand idly by and see the property of the county sold at a sacrifice. We do not think that such was the intent of the law."

In principle, we are unable to distinguish that case from this. The statute expressly provides that the commissioners may fix the "terms" upon which the sale shall be made. It is suggested that this refers to the financial terms; but this could hardly be true in the light of the statutory provision that the sale must be made for cash. It would seem to be a wise and businesslike limitation that sales of county property, under the provisions of the statute in question, should be made subject to the approval of the board of commissioners. This board is the business manager of the county's affairs, and should be a conservator of the county's interests.

It is certainly a commendable requirement that sales of property should not be concluded without the investigation and approval of the board of county commissioners. We are satisfied that such a restriction is in accord with the terms and purposes of the statute.

The judgment of the honorable superior court is reversed, and the cause remanded for further proceedings.

MOUNT, C. J., CROW, DUNBAR, HADLEY, FULLERTON, and RUDKIN, JJ., concur.